**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WANDA MICHELLE WILEY,

        Plaintiff,

v.                                    Case No. 6:14-cv-1276-Orl-37KRS

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 17), filed July 13, 2015;

2. Commissioner's Objections to the Report and Recommendation of the United States Magistrate Judge (Doc. 19), filed July 29, 2015; and

3. Plaintiff's Response to Defendant's Objections to the July 13, 2015 Magistrate Judge's Report and Recommendation (Doc. 21), filed August 6, 2015.

Upon consideration, the Court finds that the parties' objections are due to be overruled and U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation ("R&R") is due to be adopted.

## BACKGROUND

When the Social Security Administration (the "Agency") denied Plaintiff disability benefits (Doc. 14-3, p. 2; Doc. 14-4, p. 2), Plaintiff sought review by an Administrative Law Judge ("ALJ") (*id.* at 5, 9). In affirming the Agency's decision and determining that

Plaintiff was not disabled because she could return to her past relevant work, the ALJ gave no significant weight to a functional capacity assessment ("FCA") prepared by Jan Parillo, Plaintiff's treating physician, and gave only partial weight to an FCA prepared by Alex Perdomo, Plaintiff's examining physician. (Doc. 14-2, pp. 24–25.)

After exhausting her administrative remedies (*see* Doc. 14-2, pp. 2–8; Doc. 14-4, pp. 5–56), Plaintiff filed the instant action for review of the ALJ's decision on the following grounds: (1) the ALJ did not apply the correct legal standard to the opinion of Dr. Parillo (Doc. 26, pp. 19–24); and (2) the ALJ did not apply the correct legal standard to the opinion of Dr. Perdomo (*id.* at 31–34). Magistrate Judge Spaulding recommends: (1) finding the first assignment of error to be unavailing because "the ALJ's reasons for not giving significant weight to Dr. Parillo's [FCA] are support[ed] by substantial evidence in the record"; (2) finding that "the ALJ's decision to not accept one portion of Dr. Perdomo's [FCA] is not supported by substantial evidence in the record"; and (3) remanding the case for further proceedings. (Doc. 17, pp. 10–13 ("R&R").) Plaintiff objects to the first recommendation (Doc. 21, pp. 4–5), and the Commissioner objects to the second and third recommendations (Doc. 19).

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507,

513 (11th Cir. 1990).

## DISCUSSION

The Court reviewed the record as a whole as well as the parties' objections, and it agrees with Magistrate Judge Spaulding's comprehensive, well-reasoned R&R (Doc. 17).

When determining whether a plaintiff is entitled to disability benefits, an ALJ should give a treating physician's opinion "substantial or considerable weight unless 'good cause' is shown to the contrary. Good cause exists when: (1) the treating physician's opinion is not bolstered by the evidence; (2) evidence supports a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *Delker v. Comm'r of S.S.*, 658 F. Supp. 2d 1340, 1367 (M.D. Fla. 2009) (applying the same standard for an examining physician). On review, district courts should affirm an ALJ's decision to deny disability benefits if it is supported by substantial evidence, which is "more than a scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Dr. Parillo's conclusions in his FCA are not supported by his records (*compare* Doc. 14-11, pp. 10–12, *with id.* at 6–7, 18, 34–35, 37–38), and even he acknowledged that "residual functionality" is "outside [of] his training" (*id.* at 37–38). The ALJ's decision to reject the conclusions in Dr. Parillo's FCA is, therefore, supported by substantial evidence. *See Dyer*, 395 F.3d at 1210.

However, the ALJ's decision to accept all *but one* of Dr. Perdomo's conclusions compels a different result. The ALJ accepted all of Dr. Perdomo's findings—including his recommendation that Plaintiff should not lift more than ten pounds and should avoid repetitive use of her upper extremities—except his finding that Plaintiff could not sit, stand,

3

or walk for more than three to four hours a day (the "Rejected Conclusion"). (Doc. 14-2, p. 25.) The ALJ contends that, in reaching the Rejected Conclusion, Dr. Perdomo "considered [Plaintiff's] subjective allegations more than the objective medical findings." (*Id.*) She also contends that the objective medical findings "are not sufficient to support" the Rejected Conclusion. (*Id.*) Not so. Indeed, the Rejected Conclusion is supported by evidence that Plaintiff has severe fibromyalgia and chronic pain. (*See* Doc. 14-10, pp. 10, 16, 22–23, 31–33.) And it is neither conclusory nor inconsistent with Dr. Perdomo's examination, which revealed that: (1) the range of motion of Plaintiff's upper and lower extremities was affected, and the range of motion of her cervical spine was decreased; (2) Plaintiff "was unable to squat or stand on her toes and heels"; (3) gripping maneuvers caused Plaintiff noticeable pain; (4) Plaintiff has a history of chronic back pain; (5) Plaintiff suffers from musculoskeletal functional limitations of her cervical and thoracolumbar spine, her shoulders and her hips; and (6) Plaintiff suffers from bilateral hand and knee movements.[1] (*See id.* at 31–33.) The ALJ, therefore, did not have good cause not to afford considerable weight to Dr. Perdomo's conclusions, including the Rejected Conclusion, and her decision to reject only one of Dr. Perdomo's conclusions is not supported by substantial evidence.

Thus, Magistrate Judge Spaulding's R&R is due to be adopted, the Commissioner's decision is due to be reversed, and the case is due to be remanded.

## CONCLUSION

---

[1] Moreover, the evidence does not establish a contrary finding. Some of the record evidence conflicts with the Rejected Conclusion, but it is all evidence that pertains to Plaintiff's condition *prior* to the commencement date of her alleged disability. (*See, e.g.*, Doc. 14-8, pp. 32–33, 84.)

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Commissioner's Objections to the Report and Recommendation of the United States Magistrate Judge (Doc. 19) are **OVERRULED**.

2. Plaintiff's objections in her Response to Defendant's Objections to the July 13, 2015 Magistrate Judge's Report and Recommendation (Doc. 21, pp. 4–5) are **OVERRULED**.

3. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 17) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

4. The decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further proceedings.

5. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant and to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 15, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

5